IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE LEE SHEPLER, | ) | |
|     Plaintiff | ) | C.A. No. 14-286 Erie |
| v. | ) | |
| | ) | District Judge Bissoon |
| DIRAIMO, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that this case be dismissed for Plaintiff's failure to Prosecute.

## II. REPORT

### A. Relevant Procedural History

Plaintiff initiated this action by filing a *pro* se complaint pursuant to 42 U.S.C. § 1983 on November 14, 2014, while he was an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"). Plaintiff was subsequently released from the custody of the Pennsylvania Department of Corrections and filed a notice of change of address with the Court on February 25, 2015 [ECF No. 13], indicating that Plaintiff is residing at a street address in Delancey, Pennsylvania.

On January 13, 2016, this Court issued an Order scheduling a telephone hearing on Defendants' motion to compel discovery [ECF No. 29], which was to be held on January 19, 2016 [ECF No. 18]. A copy of this Order was mailed to Plaintiff at his last known address in

DeLancey, Pennsylvania. The Order directed Defendants to make arrangements for all parties to participate at the hearing by conference call; however, Defendants' counsel reported to the Court that when he tried to reach Plaintiff at his last known telephone number, he received a recording saying that Plaintiff's telephone has been disconnected or is no longer in service. As a result, Plaintiff did not appear for the hearing on January 19, 2016. In addition, Defendants' pending motion to compel indicates that Plaintiff has been non-responsive to Defendants' written discovery requests, and has been uncooperative with scheduling a date for his deposition.

Consequently, this Court issued an Order on January 19, 2016, requiring Plaintiff to show cause by February 9, 2016, for his failure to appear at the scheduled telephone hearing of January 19, 2016, and for his failure with Defendants' discovery efforts. The Order further specified that Plaintiff's failure to properly respond on or before February 9, 2016 would result in the Court's recommendation that this case be dismissed for Plaintiff's failure to prosecute. To date, Plaintiff has failed to comply with this Court's Order.

**B.** **Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the

2

meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, this case should be dismissed due to Plaintiff's failure to prosecute.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 7, 2016

cc: The Honorable Cathy Bissoon
United States District Judge